# EXHIBIT A

Case 3:14-cv-00405-DCG   Document 1-5   Filed 10/29/14   Page 2 of 7

El Paso County - 327th District Court

Filed 9/2/2014 1:19:39 PM
Norma L. Favela
District Clerk
El Paso County
2014DCV2748

| | |
|---|---|
| MARK CLARK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Cause No. 2014-_____ |
| ) | |
| UPS GROUND FREIGHT, INC., ) | Jury Trial Requested |
| ) | |
| *Defendant.* ) | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, MARK CLARK, complaining of the Defendant, UPS GROUND FREIGHT, INC., and would allege the following.

### DISCOVERY PLAN

1. Discovery in this cause will be conducted under TRCP 190.4 (Level 3).

### PARTIES

2. The Plaintiff is a resident of El Paso County, Texas.

3. The Defendant is doing business in Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### JURISDICTION

4. This action arises under Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964 and 42 USC §1981, which prohibits race discrimination and retaliation.

5. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission, which was simultaneously filed with the Texas Commission on Human Rights. The TCHR has issued its Notice of Right to File a Civil Action, and suit was timely filed thereafter.

**VENUE**

6. This action properly lies in El Paso County, Texas because the unlawful employment practices occurred therein.

**FACTS**

7. Plaintiff was employed by the Defendant or its predecessor since 1999, and was last employed as a truck driver. At the time of his termination, Plaintiff was the only African-American employee working at the El Paso, Texas facility.

8. In 2012, Plaintiff was advised by co-workers that supervisors Eddie Almanzar and Mike Morales would refer to Plaintiff as a "nigger," "pinche negro," "mayate," and/or "pinche mayate" in the presence of co-workers. Translated into English, "mayate" is literally a black cockroach that eats feces, and it is a racially offensive term for Black people in Spanish.

9. Plaintiff was also subjected to discriminatory treatment by Almanzar, to include assignments and routes, as well as disciplinary actions for incidents for which Hispanic employees would generally not be disciplined.

10. In 2012, Plaintiff complained to management and human resources about discriminatory treatment by Almanzar, and on September 14, 2012, Plaintiff filed a

charge of discrimination (Charge #453-2012-01296) with the U.S. Equal Employment Opportunity Commission.

11. After Plaintiff's complaints of discrimination, Plaintiff was subjected to further discriminatory treatment and retaliation. Almanzar stopped greeting Plaintiff at work and became very cold and unfriendly. Although Plaintiff had the greatest seniority amongst drivers, Almanzar continued to give preferred routes to Hispanic drivers. The pettiness of Almanzar included assigning Plaintiff, who is 6'4" tall, to older trucks that had seats that would not move back to accommodate taller drivers, or to older trucks in which the air conditioner was not working.

12. On or about March 7, 2013, Plaintiff was written up by Almanzar for taking his lunch break early.

13. On July 31, 2013, Plaintiff reported for work and was informed that he was assigned a particular trailer, which was loaded and ready to hook up. When Plaintiff approached the door to hook up the trailer, Plaintiff was informed by Dispatcher, Rudy Ramirez, that Almanzar assigned that trailer to Luis Quinonez, a Hispanic driver with less seniority. Ramirez further advised Plaintiff that Almanzar re-assigned him to another trailer. Plaintiff proceeded to the newly assigned door and the trailer was not ready. Plaintiff began assisting with paperwork in getting the route ready. Ramirez then told Plaintiff that Almanzar wanted Plaintiff to clock out as a driver and clock in as a dock worker. There is $0.20 per hour difference in pay between the two positions. Plaintiff indicated that he was already clocked in as a driver and his trailer was almost ready. Plaintiff was aware of the practice to allow drivers to stay clocked in as drivers if their trailers were going to be ready in a short

amount of time. Plaintiff perceived this directive as another form of harassment, discrimination, and retaliation from Almanzar.

14. Plaintiff informed co-worker Adam Salazar, who also serves as a union representative. Salazar informed Almanzar and Morales that they could not assign a trailer to an employee with less seniority than Mr. Clark. Both Almanzar and Morales laughed at Salazar. Salazar went to his truck and later returned to the office area to use the restroom. Upon his return, Salazar heard Almanzar say in Spanish, "voy a correr este pinche mayate", which means "I am going to fire this fucking black cockroach".

15. Almanzar approached Plaintiff and told him that he needed to clock out as a driver and clock in as a dock worker. Plaintiff explained that since he is assisting in getting the route ready, he should remain on driver pay, as per the union contract. Almanzar then told Plaintiff that he was fired for insubordination. Almanzar's termination of Plaintiff was upheld by General Manager, Frank Medrano.

## COUNT ONE – RACE DISCRIMINATION

16. The above allegations are re-alleged and adopted by reference.

17. Plaintiff asserts that he was subjected to disparate treatment; that the proffered reason for his termination was pretextual; and that Plaintiff's race (Black) was a motivating factor and consideration in his termination.

## COUNT TWO – RETALIATION

18. The above allegations are re-alleged and adopted by reference.

19. Plaintiff asserts that he was subjected to retaliation after making his complaints of discrimination; that the proffered reason for his termination was pretextual; and that he was terminated because of his discrimination complaints.

20. Plaintiff requests trial by jury.

21. Plaintiff seeks to recover all of damages in an amount which the jury, in its role as trier of the facts in this case, determines based on its discretion is just and appropriate. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be between $200,000 to $1,000,000.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

1. Injunctive and equitable relief;
2. Back pay and benefits;
3. Reinstatement. If reinstatement is not feasible, front pay and benefits;
4. Compensatory damages;
5. Punitive damages;
6. Costs;
7. Attorney's fees;
8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

　　/s/ John A. Wenke
JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax: (915) 351-9955
State Bar No. 00788643